IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
Ex rel. Brenda Parker

CIVIL ACTION No._____

Relator,

FILED **UNDER SEAL**

v.

NEW ENDEAVORS BY WOMEN,
Wanda F. Steptoe, Director
611 N Street, NW
Washington, DC 20001

Case: 1:22-cv-02632 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 8/31/2022
Description: Pro Se Gen. Civ. (F-DECK)

Defendants,

# PLAINTIFF'S QUI TAM FALSE CLAIMS ACT COMPLAINT
## 31 U.S.C. §§ 3729-3732

# DO NOT FILE ON PACER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Ex rel. Brenda Parker<br><br>Plaintiff<br><br>v.<br><br>NEW ENDEAVORS BY WOMEN,<br>611 N Street, NW<br>Washington, DC 20001<br><br>Defendant | CIVIL ACTION No._____<br>**FILED IN CAMERA AND UNDER SEAL**<br><br>**FALSE CLAIMS ACT**<br><br>**GOVERNMENT GRANT FRAUD**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT PURSUANT TO 31 U.S.C. §§ 3729-3732
OF THE FEDERAL FALSE CLAIMS ACT**

The United States of America, by and through qui tam relator, Brenda Parker, Relator, brings this action under 31 U.S.C. § 3729, et. Seq., as amended (False Claims Act) to recover all damages, penalties and other remedies established by the False Claim Act on behalf of the United States.

**I.   PRELIMINARY STATEMENT**

1. This is an action to recover damages and civil penalties on behalf of the United States of America, for violations of the False Claims Act (to be stated in this complaint as (The Act) arising from false or fraudulent records, statements, or claims, or any combination thereof, made, used or caused to be made, used or presented, or any combination thereof by the defendants, their agents, employees, or co-conspirators, or any combination thereof, by the defendants, their agents, employees, or co-conspirators, or any combination thereof, with respect to false claims for application(s) submitted and approved, to receive government and none

2

government grants, for nonprofit transitional housing facility, for women, being operated at 611 N Street, NW, Washington, DC 20001.

2. The Act was enacted during the Civil War. Congress amended The Act in 1986 to enhance the Government's ability to recover losses sustained as a result of fraud against the United States after finding that in federal programs was pervasive and that The Act, which Congress characterized as the primary tool for combating government fraud, needed modernization. Congress intended that the amendments create incentives for individuals with knowledge of fraud against the government to disclose the information without fear of reprisals or Government inaction, and to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

3. The Act provides that any person who (1) knowingly submits, to an officer or employee of the United States government, or causes the submission of, a false or fraudulent application for payment or approval to the United States Government (2) knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim approved/paid by the Government (3) conspire to defraud the Government by getting a false claim to the United States Government approved, is liable for a civil penalty of not less than $5,500.00 and not more than $11,000 for each such claims, plus three times the amount of the damages, which the Government sustains because of the act of that person.

4. The Act allows any person having information about a false or fraudulent claim against the Government to bring an action for himself/herself and the Government, and to share in any recovery. The Act requires that the complaint be filed under seal for a minimum of 60 days (without service on the defendants during that time) to allow the Government time to conduct its own investigation and to determine whether to join the suit.

5. Under Application to the United States Government to make submissions of documents, in order to be approved to receive Government grants earmarked for licensed to conduct business as Permanent Supportive Housing (PSH) locations within the District of Columbia.

- (a) said grants reserved for the District of Columbia Permanent Supportive Housing Program (PSH) and not allowed to be used for other residential programs, which are not party to the business or organization conducting business as (PSH), as a separate and distinct location.
- (b) the District of Columbia's Permanent Supportive Housing Program (PSH) is strictly for individuals (seniors) who are 60 years old and older, who are considered eligible for (PSH) and said potential resident is required to receive a referral from the Department of Human Services, in order to be approved for move-in at a licensed to conduct business Permanent Supportive Housing (PSH) dwelling place set up as residential.
- (c) said (PSH) is a free-standing dwelling place, which provides individual units to each approved individual to live independently, within their own apartment unit.
- (d) the (PSH) unit is required to have: living room space, kitchen with appliances and storage space, bedroom, closet, bathroom with shower and/or tub, for just the approved resident's usage.
- (e) unit must be equipped and identical to a one-bedroom apartment for one senior to reside in the (PSH).

Any agency, making application to the United States Government to receive Federal Grants earmarked for Permanent Supportive Housing, must make application to the agency's

strict and limited use grant submission protocol to then be considered and approved to receive grants.

Any applicant who desires to receive Federal grants for (PSH) have specific responsibilities and duties to complete pursuant to regulations, law and submission requirements to obtain the grants.

6. This is an action for treble damages and penalties for each false claim and each false statement under the False Claims Act § 3729, et seq., as amended.

## II.   PARTIES

7. Relator, Brenda Parker, was a client living at New Endeavors by Women, 611 N Street, NW, District of Columbia, from August 7, 2020 until Relator relocated to permanent housing on November 24, 2021, where Relator presently reside at 1400 Clifton Street, NW Apt. 422, Washington, District of Columbia, 20009.

8. Defendant New Endeavors by Women is licensed and operating as a nonprofit organization, to conduct business in the District of Columbia, to operate a two (2) year transitional housing program for women experiencing homelessness, located at 611 N Street, NW, Washington, District of Columbia (D.C.), 20001, D.C. Secretary of State (SOS) list New Endeavors by Women under #883997.

9. New Endeavors provided daily meals and snacks, laundry facility, kitchen with a cook, eating area, activities, a computer room, a meeting room and outside patio.

10. The daily operations of New Endeavors by Women were under the leadership of Wanda F. Steptoe. Wanda F. Steptoe submitted or caused to be submitted application and documentation to the United States Government to apply and receive Federal Grants earmarked for Permanent Supportive Housing (PSH) in the District of Columbia.

11.     Wanda F. Steptoe had prior knowledge, prior to submission of application and documentations that New Endeavors by Women is not licensed to conduct business at 611 N Street, NW, District of Columbia, as Permanent Supportive Housing dwelling.

12.     Applications and documentation submitted for Government grant approval was conducted for several years, all while the director, operators, agents, board members, employees, had prior knowledge that New Endeavors by Women is licensed as transitional housing for a maximum of 30 women, which consist of 5 women, assigned to one lockable bedroom, within one of the five (5) clusters. The five clusters are set up by colors: purple, red, yellow, blue and green.

13.     All actions completed for several years to receive Federal grants earmarked for (PSH), while New Endeavors was licensed to do business as a two (2) year transitional housing organization at 611 N Street, NW, District of Columbia, constitute false claims under The Act.

### III. JURISDICTION AND VENUE

14.     This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 31 U.S.C. §3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to §§3729 and 3730.

15.     There have been no public disclosure of the allegations or transactions contained herein that bar jurisdiction under 31 U.S.C. §3730(e).

16.     This Court has personal jurisdiction over the defendants pursuant to 31 U.S.C. §3732(a) and (b), as defendant transacts business in the District of Columbia. The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under §3730.

17.     Venue exists in the United States District Court of the District of Columbia, because named defendant has at least minimum contacts with the United States and can be found in, reside, or transact or have transacted business in the District of Columbia.

## IV.   APPLICABLE LAW

### A.   False Claims Act

18.     False Claims Act liability attaches to any person who knowingly presents or causes a false or fraudulent claim to be presented for payment, or to a false record or statement made to get a false or fraudulent claim paid by the government. 31 U.S.C. §3729(a)(1) and (2).

19.     Under the False Claims Act, "knowing" and "knowingly" mean that a person, with respect to information:

(1) has actual knowledge of the information;

(2) acts in deliberate ignorance of the truth or falsity of the information; or

(3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required. 31 U.S.C. §3729(b).

20.     The False Claims Act is violated not only by a person who makes a false statement or a false record to get the government to pay a claim, but also by one who engages in a course of conduct that causes the government to pay a false or fraudulent claim for money.

## V.   ALLEGATIONS

21.     Relator believes that New Endeavors by Women applied for by submission of false and misleading information and did in fact receive Federal grants and none Federal grants by willfully applying for said grants by posing as Permanent Supportive Housing (PSH) provider at 611 N Street, NW, Washington, District of Columbia.

7

22. Relator believes that New Endeavors employees, officers and board members were aware that false and misleading information was being submitted to the Federal grant agencies and none federal grant agencies for the purpose of obtaining Federal grants reserved for Permanent Supportive Housing (PSH).

23. Relator believes New Endeavors was aware, and should have known that New Endeavors was licensed to operate at 611 N Street, NW, District of Columbia as a two-year transitional housing organization.

24. Relator believes New Endeavors has operated dual businesses at 611 N Street, NW, District of Columbia, while knowing that New Endeavors by Women was only licensed to operate a two-year transitional housing organization at 611 N Street, NW, in the District.

25. New Endeavors attempted to start a new business: New Endeavors Affordable Housing at the same address of 611 N Street, NW, in the District. The Secretary of State of the District revoked this filing under #L00006771502.

26. Relator was a client, who resided at New Endeavors by Women, 611 N Street, NW, District of Columbia because Relator was walking through homelessness by no fault of Relator. When Relator moved into New Endeavors on August 7, 2020, Relator was put on "black out", which meant that Relator could not leave New Endeavors for any outings, until Relator met with assigned case manager, Mr. Matthew.

27. Relator, after several months, realized that upper management and Mrs. Steptoe, the director, did not work five days a week but only worked 2 days a week. This short work week ended in the summer of 2021 when Relator began questioning their doctor's hours.

28. It was in the summer of 2021 that all upper management began appearing for work at New Endeavors, every day of the week. Relator state it is possible that upper

management returned to their shorten work days, after Relator exited the program on November 24, 2021. Relator believes grant monies were shared with numerous employees, officers, board members and affiliated individuals.

29. In mid to late 2020, Relator observed several of the employees of New Endeavors by Women, at 611 N. Street, NW, District of Columbia had in their possession new vehicles. Relator observed and heard two employees make a statement that, "it pays to be a good employee and then laughing"

30. In mid-2021, Relator observed two (2) other employees of New Endeavors by Women come into possession of new vehicles.

31. Relator observed the "purple cluster" was set up different from the other four clusters. The purple cluster community space was filled with a very large television on the wall, when the other clusters were not allowed to have a television.

32. Relator observed the "purple cluster" community area had two (2) refrigerators which were shared by the five (5) clients assigned to the "purple cluster".

33. Relator observed the furnishing within the "purple cluster" was a lot more extravagant than the furniture located in the other four (4) clusters.

34. Relator observed the clients assigned to the "purple cluster" were allowed to have their own televisions within their assigned bedroom – if each so chose to have a television.

35. Relator observed within the other four (4) clusters, red, blue, green and yellow that none of the clients were allowed to have televisions in their assigned bedroom.

36. Relator observed that none of four (4) clusters, red, blue, green and yellow community rooms were allowed to have a television, refrigerators or extravagant furnishings within the community rooms.

37. Relator observed that all five (5) clusters had one bathroom, which included double vanity sink, two shower stalls, one toilet area located behind a lockable door, which all clients shared the bathroom with each of the other clients, within each of the clusters.

38. Relator observed that clients assigned to the "purple cluster" were not required to move out of New Endeavors by Women, at the expiration of two years.

39. Relator observed that clients assigned to the "purple cluster" was allowed to remain a client at New Endeavors by Women – permanently.

40. Relator observed that clients assigned to the "purple cluster" did not have restrictions on coming and leaving the New Endeavors by Women. Clients in the "purple cluster" was also allowed to stay out from the facility overnight-as often as they chose.

41. Relator observed that none of the other four (4) clusters had the same privileges as the "purple cluster" has.

42. Relator observed that clients within the "purple cluster" could have food and drink items within their assigned bedrooms, as well as items stored within refrigerators.

43. Relator observed that the other four (4) clusters were not allowed to have food and drinks in their assigned rooms or community areas.

44. Relator became familiar with all the clients assigned to the "purple cluster" and several of the clients stated they have lived within the "purple cluster" for years, even within the old building which was demolished to building the present building at the same address of 611 N Street, NW, in the District.

45. Relator began to recognize that New Endeavors employees were not treating Relator as the other clients were being treated. Relator was denied entry into paid classes offered by another agency doing business with New Endeavors. Relator was told by Relator's case

manager, Mr. Matthew that Relator must apply for the paid classes via a job application from the District's employment agency. None of the other clients went through this process but was automatically signed up for the paid classes, without incident. Retaliatory conduct of New Endeavors ensued after Relator began asking case manager about obtaining housing outside of New Endeavors since Relator was denied entry into the "purple cluster".

46. Relator filed several grievances with New Endeavors relating to denial of entry into paid classes and denial of entry into the purple cluster- when an opening became available.

47. Relator was targeted by case manager and the assistant director, Mr. Brown who took illegal actions by recruiting Ms. Bisola, to ensure Relator did not qualify for any homeless services for housing available in the District. Relator's SPDAT was falsified and shared without authorization in writing to do so.

48. Relator's personal information and history was obtained illegally by case manager, assistant director and another case manager, who Relator believes had authorization to enter the District's homeless data base, for the sole purpose of obtaining information relating to Relator. New Endeavors did not have authorization in writing, signed by Relator and New Endeavors to view, obtain, distribute, discuss any information on Relator, stored in the District's homeless service database, relating to false and misleading SPDAT completed by case manager at New Endeavors. This matter inclusive with grievance filed with DHS.

49. Relator's grievances went through new Endeavors protocol, with New Endeavor's resolution not in the favor of Relator. New Endeavors informed all clients that the assistant director, Mr. Brown and the case manager, Ms. Bisola, who illegally obtained Relator's private information from the District's homeless services data base, were both let go from employment

with New Endeavors. Relator then filed grievances with the District's Department of Human Services and there has not been a resolution to this matter with DHS, as of yet.

50. Relator believes the assistant director and the case manager was not fired but reassigned to one of New Endeavor's other facilities: New Horizons, New Hope, New Journeys- which is the "purple cluster" at New Endeavors, being viewed again as a separate operating business at 611 N Street, NW in the District, New Journeys II, Rachel's House and Shelter Plus.

51. Relator then filed grievances with the Department of Human Services, with Investigator Glover. There has been no resolution to this date of Relator's grievances filed.

## COUNT 1

## VIOLATIONS OF FALSE CLAIMS ACT

## 31 U.S.C. §§ 3729-3732

52. Defendant New Endeavors by Women, knowingly presented and/or caused to be presented to the Federal Government numerous submissions for Federal grants, while knowing New Endeavors by Women is not a separate operating residential facility under Permanent Supportive Housing (PSH) in the District.

53. New Endeavors by Women made submissions for Federal grants for the purpose of personal gain for numerous individuals while embezzling grant funds for the personal pleasure of many working in and with New Endeavors by Women in willful violation of 31 U.S.C. §§3729-3732.

54. Each submission that New Endeavors by Women made to a government agency to obtain Federal grants described in the complaint was knowing, as the term is used in the Federal False Claims Act (The Act).

55. The Defendant's conduct and the conduct of employees, directors, assistant directors, case managers, and all affiliated individuals was knowing that New Endeavors at 611 N Street, NW, in the District is not operating as Permanent Supportive Housing.

56. New Endeavors by Women's submissions to Federal agencies for Federal grants was willfully not in the representation and certification which accurately reflected its practices at 611 N Street, NW in the District.

57. New Endeavors by Women also provided services as a Mental Health, Drug and Alcohol Treatment facility at the same address of 611 N Street, NW in the District and thereby Relator believes grants were applied for a treatment facility, which was knowingly misleading.

58. Relator believes the individuals who submitted New Endeavors by Women's submissions for Federal grants acting in dual operations of same address, also submitted Federal grant applications for other organizations, agencies and individuals, acting as dual operations at the same address, further defraud the Government.

59. Relator realleges Paragraph 1 through 58 as though fully set forth herein.

**WHEREFORE,** Relator requests the following relief:

A. Judgment against Defendant for the fines in an amount of damages to the United States has sustained because of Defendant's action plus a civil penalty of $11,000.00 for each violation of the Federal False Claim Act;

B. 25% or going rate, of the proceeds of this action if the United States elects to intervene, and 30% or going rate, of the proceeds of this action if the United States elects not to intervene, thereby Relator will possibly be required to obtain legal counsel to represent Relator in this action.

C. Relator's cost and possible later attorney fees and expenses;

D. Demand for Jury Trial;

E. Such other relief as the Court Deems appropriate.

Respectfully submitted this 31st day of August 2022

Under penalty of perjury, in the United States of America, Washington, District of Columbia, the undersigned attest and certify that all facts, claims, statements and contents of document, being filed in the above district court, are true and correct to the best knowledge and belief of Brenda Parker, Relator and that Brenda Parker can testify to the truthfulness of the contents of documents and exhibit attached.

Brenda Parker, pro se (Relator) _Brenda Parker_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Ex rel. Brenda Parker<br><br>Plaintiff<br><br>v.<br><br>NEW ENDEAVORS BY WOMEN,<br>611 N Street, NW<br>Washington, DC 20001<br><br>Defendant | CIVIL ACTION No._____<br>**FILED IN CAMERA AND**<br>**UNDER SEAL**<br><br>**FALSE CLAIMS ACT**<br><br>**GOVERNMENT GRANT FRAUD**<br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this complaint and written disclosure of substantially all material evidence in Relator's possession, including Exhibit A as well as information Relator has personal knowledge by personal observation, has been served and addressed to the United States Attorney General's Office, U.S. Attorney Matthew M. Graves, by certified mail to: 950 Pennsylvania Avenue, NW, Room 2242, Washington, DC 20530-0001 as provided in FRCP Rule 4.

Under penalty of perjury, in the United States of America, Washington, District of Columbia, the undersigned attest and certify that the statements and contents of document, being filed in the above district court, are true and correct to the best knowledge and belief of Brenda Parker, Relator and that Brenda Parker can testify to the truthfulness of the contents of documents and exhibit attached.

Respectfully Submitted this 31st day of August, 2022

Brenda Parker, pro se (Relator) _Brenda Parker_

15

# Financial Snapshot
## Audited Statement of Activities Year ended June 30, 2018

|  | 2018 | | |
|---|---|---|---|
|  | Unrestricted | Temporarily Restricted | Total |
| **REVENUE** | | | |
| Contributions | $ 296,157 | $ 16,000 | $ 312,157 |
| Federal and non-Federal grants | 1,846,909 | - | 1,846,909 |
| Investment income | 341 | - | 341 |
| Contributed rent and services | 521,463 | - | 521,463 |
| Rental income | 38,721 | - | 38,721 |
| Special events | 86,898 | - | 86,898 |
| Net assets released from donor restrictions | 37,708 | (37,708) | - |
| Total revenue | 2,828,197 | (21,708) | 2,806,489 |
| **EXPENSES** | | | |
| Program Services | 2,030,898 | - | 2,030,898 |
| Supporting Services: | | | |
| General and Administrative | 754,370 | - | 754,370 |
| Fundraising | 141,658 | - | 141,658 |
| Total supporting services | 896,028 | - | 896,028 |
| Total expenses | 2,926,926 | - | 2,926,926 |
| Changes in net assets before other item | (98,729) | (21,708) | (120,437) |
| **OTHER ITEM** | | | |
| Gain on sale of fixed assets | 132,851 | - | 132,851 |
| Changes in net assets | 34,122 | (21,708) | 12,414 |
| Net assets at beginning of year | 1,686,392 | 104,647 | 1,791,039 |
| **NET ASSETS AT END OF YEAR** | $ 1,720,514 | $ 82,939 | $ 1,803,453 |

**Call for Alcohol or Drug Rehab 1-855-860-3119**

 855-860-3119

- Home
- About
- Add New Listing

- Home /
- 
- District Of Columbia
  /
- 
- Washington Transitional Housing
  /
- 
- New Endeavors By Women

# New Endeavors By Women

611 N Street NW
Washington, DC - 20001
(202) 682-5825

Website Email Facebook Twitter Donate



Last-Modified: 2021-05-17 07:42:31

Provides transitional and permanent supportive housing for unaccompanied women and women with children with seven different housing programs.

Mission Statement: NEW is guided by a mission to partner with homeless women to create new futures. We provide a nurturing environment so that women can recognize their worth. NEW transforms lives, by providing housing, fostering the development of life skills, and promoting education and employment, to end the cycle of homelessness.

Type: non profit

## User questions & answers

Are you familiar with New Endeavors By Women? Help TransitionalHousing.org users find out answers.

